

ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C. 20005-1706

tel +1-202-339-8400
fax +1 202-339-8500
WWW.ORRICK.COM

Eric A. Shumsky
(202) 339-8464
eshumsky@orrick.com

June 24, 2015

*Via CM/ECF*

Hon. Daniel E. O'Toole
Circuit Executive & Clerk of Court
United States Court of Appeals
   for the Federal Circuit
717 Madison Place, NW
Room 401
Washington, DC 20005-7700

**Re: Notice of Supplemental Authority under Rule 28(j) in *Synopsys, Inc. v. Mentor Graphics Corp.*, Nos. 14-1516, -1530 (Fed. Cir.)**

Dear Mr. O'Toole:

     Pursuant to Federal Rule of Appellate Procedure 28(j), Synopsys submits as supplemental authority *Microsoft Corp. v. Proxyconn, Inc.*, Nos. 2014-1542, -1543 (Fed. Cir.), which holds that a patentee seeking to amend its claims during *inter partes* review bears the burden of showing the patentability of the substitute claims over the prior art of record.

     In *Proxyconn*, the Patent Trial and Appeal Board denied patentee Proxyconn's motion to amend because Proxyconn had not met its burden of establishing the patentability of the substitute claims over the prior art of record. Op. 5, 21-22. Through prior adjudicative decisions, the Board had interpreted 37 C.F.R. § 42.20 (governing motion practice generally) and § 42.121 (governing motions to amend specifically) as placing the burden on the patentee, as the moving party, to show that proposed substitute claims are patentable. Op. 19-20. This Court held that the Board's interpretation was entitled to deference. Op. 25-26.

     *Proxyconn* therefore forecloses Mentor's argument on cross-appeal that the Board erroneously denied its motion to amend by "impermissibly shift[ing] the burden of proving patentability of the proposed claims … to Mentor." Red Br. 64; *accord id.* 64-65; Reply 14-28. *Proxyconn* makes clear that Mentor bore the burden

of showing the patentability of its substitute claims over the art of record. (The Court did not reach the question of whether this same burden also extends to prior art generally. Op. 25 n.4.) And, as in *Proxyconn*, Op. 27-28, the Board here found that Mentor failed to show that its substitute claims were patentable over the prior art. A87-88 (final written decision).

                                            Respectfully submitted,

                                            */s/ Eric A. Shumsky*

                                            Eric A. Shumsky

cc: Counsel of Record

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2015, the foregoing document was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the appellate CM/ECF system. All participants are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Dated: June 24, 2015

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Orrick, Herrington &
 Sutcliffe LLP
1152 15th Street N.W.
Washington, D.C. 20005
(202) 339-8464
eshumsky@orrick.com

*Counsel for Appellant Synopsys, Inc.*