

**ORRICK, HERRINGTON & SUTCLIFFE** LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C.  20005-1706

*tel*  +1-202-339-8400
*fax*  +1 202-339-8500
**WWW.ORRICK.COM**

Eric A. Shumsky
(202) 339-8464
eshumsky@orrick.com

July 6, 2015

***Via CM/ECF***

Hon. Daniel E. O'Toole
Circuit Executive & Clerk of Court
United States Court of Appeals
    for the Federal Circuit
717 Madison Place, NW
Room 401
Washington, DC 20005-7700

**Re:  Notice of Supplemental Authority in *Synopsys, Inc. v. Mentor Graphics Corp.*, Nos. 14-1516, -1530 (Fed. Cir.)**

Dear Mr. O'Toole:

Pursuant to Federal Rule of Appellate Procedure 28(j), Synopsys submits *GTNX, Inc. v. Inttra, Inc.*, No. 2015-1349 (Fed. Cir.), and *GEA Process Engineering, Inc. v. Steuben Foods, Inc.*, No. 2015-1536 (Fed. Cir.).  Each case holds that a Patent Trial and Appeal Board decision dismissing instituted review proceedings is properly considered a decision not to institute review, and therefore judicially unreviewable.

In *GTNX*, the Board dismissed an instituted post-grant review proceeding because the petitioner had previously filed a civil action challenging the validity of the same patent.  Op. 3-4.  The petitioner appealed.  This Court held it lacked jurisdiction because "the fair characterization of the decision … is as a decision whether to institute proceedings," and the AIA bars review of institution decisions.  Op. 5-6.  This was no less true because the Board initially had instituted review: The "determination … whether to institute … is not limited to an *initial* determination to the exclusion of a determination on reconsideration."  Op. 6 (first ellipses in original).  And, this Court made clear, *inter partes* review "is materially the same … in the jurisdictional respects relevant here."  Op. 5.

In *GEA Process Engineering*, this Court applied *GTNX* to bar review of a Board decision dismissing *inter partes* review in the analogous context of a petitioner who failed to properly identify all real parties in interest. Op. 3-4.

Here, the Board instituted review, notwithstanding Mentor's argument that the privity bar stood in the way, and later reaffirmed the propriety of its decision in the final written decision. These cases confirm that this Court lacks jurisdiction over Mentor's cross-appeal of the Board's decision not to dismiss *inter partes* review because such privity and real-party-in-interest determinations are part and parcel of the Board's decision whether to institute. Red.Br. 46-63; Reply 1-13. The "fair characterization" of such a decision is as a "decision whether to institute proceedings." *GTNX*, Op. 6. Indeed, had Mentor prevailed on its privity argument before the Board in the final written decision phase, the Board would have dismissed review and *vacated* the decision to institute—a non-appealable decision. *See GTNX*, Op. 5-6.

Respectfully submitted,

*/s/ Eric A. Shumsky*

Eric A. Shumsky

cc:  Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, the foregoing document was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the appellate CM/ECF system.  All participants are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Dated:  July 6, 2015

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Orrick, Herrington &
 Sutcliffe LLP
1152 15th Street N.W.
Washington, D.C. 20005
(202) 339-8464
eshumsky@orrick.com

*Counsel for Appellant Synopsys, Inc.*

# United States Court of Appeals
# for the Federal Circuit

———————————

**GTNX, INC.,**
*Appellant*

**v.**

**INTTRA, INC.,**
*Appellee*

———————————

2015-1349, 2015-1350, 2015-1352, 2015-1353

———————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. CBM2014-00072, CBM2014-00073, CBM2014-00074, CBM2014-00075.

———————————

Decided: June 16, 2015

———————————

BORIS FELDMAN, Wilson, Sonsini, Goodrich & Rosati, PC, Palo Alto, CA, for appellant. Also represented by STEFANI E. SHANBERG, ROBIN L. BREWER, San Francisco, CA; MICHAEL T. ROSATO, Seattle, WA; RICHARD TORCZON, Washington, DC; GIDEON A. SCHOR, New York, NY.

MICHAEL JOHN LYONS, Morgan, Lewis & Bockius LLP, Palo Alto, CA, for appellee. Also represented by WALTER SCOTT TESTER, AHREN CHRISTIAN HSU-HOFFMAN, DAVID VINCENT SANKER; THOMAS M. PETERSON, San Francisco, CA.

————————————————

**ON MOTION**

————————————————

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge.*

At the request of GTNX, Inc., the Patent Trial and Appeal Board instituted "covered business method patent" review proceedings for four patents owned by INTTRA, Inc.  A few months later, the Board reconsidered its institution decisions, determined that institution of proceedings in these matters violated a statutory proscription, vacated the institution decisions, and terminated the proceedings.  *GTNX, Inc. v. INTTRA, Inc.,* CBM2014-00073 et al., 2014 WL 7723800 (PTAB Dec. 10, 2014).  GTNX appeals, and INTTRA moves to dismiss the appeal.  We grant the motion.  In addition, treating the appeal in the alternative as a mandamus petition, we deny mandamus relief.

BACKGROUND

A

In the Leahy-Smith America Invents Act, Pub. L. No. 112–29, § 18, 125 Stat. 284, 329-31 (2011), Congress required the Patent and Trademark Office to establish a "transitional post-grant review proceeding for review of the validity of covered business method patents." § 18(a)(1).  Section 18(a)(1) states a general rule, subject to exceptions not material here, that the PTO must "employ," for such review, the "standards and procedures of[ ] a post-grant review under chapter 32 of title 35," *i.e.*, 35 U.S.C. §§ 321–329.

Section 324 authorizes the Director of the PTO to institute post-grant review, but by regulation, the Director has delegated to the Board the responsibility to make the

institution determination.  37 C.F.R. §§ 42.4, 42.208.  Of relevance to this case, 35 U.S.C. § 325(a)(1) declares that "review may not be instituted . . . if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."  And § 324(e) declares that "[t]he determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable."

Once review has been instituted, the Board conducts the post-grant review.  § 326(c).  "If a post-grant review is instituted and not dismissed under this chapter," the Board "shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 326(d)." § 328(a).  Section 329 authorizes a party dissatisfied with the Board's final written decision with respect to patentability to appeal to this court under 35 U.S.C. § 141(c), and 28 U.S.C. § 1295(a)(4)(A) grants this court jurisdiction over such an appeal.

B

INTTRA owns four patents relating to online methods for coordinating containerized shipping.  In 2011, GT Nexus, Inc., GTNX's parent company, filed suit in the United States District Court for the Northern District of California, seeking a declaratory judgment that INTTRA's shipping methods patents were invalid.  Several years later, in early 2014, while the court case was pending, GTNX petitioned the PTO to review the patents as covered-business-method patents.  *See GTNX*, 2014 WL 7723800, at *1–2.

On August 12, 2014, the Board instituted review proceedings (four separate proceedings which the Board then treated together).  *Id.* at *1.  In October 2014, however, the Board granted INTTRA leave to file a motion to dismiss the proceedings on the ground that § 325(a)(1)

barred the reviews because of GTNX's previously filed civil action. *Id.* After INTTRA filed the authorized motion, GTNX opposed, arguing that INTTRA had waived the § 325(a)(1) objection by not presenting it earlier, either before institution or within the 14 days allowed by the rule giving a right to seek reconsideration, 37 C.F.R. § 42.71(d). *Id.* at *2.

On December 10, 2014, the Board granted INTTRA's motion. It "vacated" the August 2014 institution decisions and "terminated" the proceedings, *id.* at *1, *3, without addressing any issues of patentability. The Board noted that there was no dispute that GTNX's declaratory-judgment action fell within the terms of § 325(a)(1). *Id.* at *2. And it concluded that § 325(a)(1) is a statutory limit on Board "jurisdiction" that it could not and would not decline to enforce just because INTTRA had not invoked it earlier. *Id.*

Characterizing the ruling as a final written decision under § 328, GTNX appeals under § 329, which provides for appeals under § 141. INTTRA moves to dismiss.

DISCUSSION

We agree with INTTRA that GTNX's appeal falls outside 35 U.S.C. §§ 141 and 329 and hence outside this court's jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

By its terms, § 329 authorizes appeal, under § 141(c), only from a "final written decision of the [Board] under section 328(a)." Similarly, § 141(c), as relevant here, authorizes appeal only from a "final written decision of the [Board] under section . . . 328(a)." In turn, § 328(a) refers only to "a final written decision *with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 326(d).*" § 328(a) (emphasis added). Here, the Board made no decision "with respect to the patentability" of any claim. The

Board decision at issue, therefore, is outside § 328(a) and, hence, outside §§ 141(c) and 329.

In *St. Jude Medical, Cardiology Division, Inc. v. Volcano Corp.*, we dismissed an appeal from a non-institution decision under chapter 31 of Title 35, which establishes a regime for "inter partes review" of issued patents that is materially the same as chapter 32 in the particular jurisdictional respects relevant here. 749 F.3d 1373 (Fed. Cir. 2014). We explained the structural contrast between a "determination . . . whether to institute" a proceeding, which is "final and nonappealable," 35 U.S.C. § 314(d), and the "final written decision" determining patentability, § 318(a), and we held that the appeal authorization there—§ 319, incorporating § 141(c)—was limited to the final written decision on patentability. *Id.* at 1375–76. We thus relied on chapter 31's textually clear and common-sense distinction between a final Board decision that reaches the patentability merits and an earlier decision whether to institute. We concluded that 28 U.S.C. § 1295(a)(4)(A)'s grant of jurisdiction to this court to review decisions of the Board "under title 35" is limited "to the Board's decision . . . on the merits of the . . . review, after it 'conducts' the proceeding that the Director has 'instituted.'" *Id.* at 1376.

The same conclusion applies to this case under chapter 32. The Board decision GTNX is seeking to appeal was not reached after conduct of the review and did not make a determination with respect to patentability. The decision is therefore outside 35 U.S.C. §§ 141(c), 328(a), 329 and, in turn, outside 28 U.S.C. § 1295(a)(4)(A).

Confirming that the decision at issue is not a § 328(a) decision—the only appealable decision within the statutory regime—is that the fair characterization of the decision within the regime is as a decision whether to institute proceedings. The Board expressly stated that it was vacating the earlier decision to institute proceedings.

Having reconsidered whether to institute the proceeding here and determined not to do so based on § 325(a)(1), the Board simultaneously "vacated" the institution decisions and required termination of the proceedings. *GTNX*, 2014 WL 7723800, at *1, *3. It is strained to describe this as anything but a "determination . . . whether to institute" proceedings—statutory language that is not limited to an *initial* determination to the exclusion of a determination on reconsideration. § 324(e); *see also* § 324(c). The statute declares such a decision to be "final and nonappealable," § 324(e), thus reinforcing the absence of appeal jurisdiction in this court.

In its notice of appeal, GTNX invoked the All Writs Act, 28 U.S.C. § 1651. Although in opposing the motion to dismiss, GTNX does not invoke that provision, we may treat the appeal as, in the alternative, a request for mandamus relief under § 1651. *See, e.g.*, *In re Cuozzo Speed Techs., Inc.*, 778 F.3d 1271, 1278 & n.5 (Fed. Cir. 2015). Doing so, we do not find mandamus relief to be available.

In *In re Dominion Dealer Solutions, Inc.*, 749 F.3d 1379, 1381 (Fed. Cir. 2014), which involved a requested inter partes review, we relied on the statutory scheme to conclude that the petitioner there could not invoke mandamus to challenge a non-institution decision in this court. We relied on the absence of a "'clear and indisputable'" right to relief in this court, *id.* at 1381 (citation omitted), a conclusion reflecting the careful statutory limits on this court's jurisdiction to review non-institution decisions.

Moreover, in *Cuozzo*, where inter partes review had been instituted, and the institution was challenged after a final written decision, we found the particular asserted limit on institution to fall short of constituting a clear and indisputable bar on the Board's action. 778 F.3d at 1278. Here, too, it cannot be said that GTNX has a clear and

indisputable right to have the proceeding continue, in the face of the otherwise-applicable proscription of § 325(a)(1), just because INTTRA did not raise this ground before the initial institution decision was made or in a rehearing request within 14 days under 37 C.F.R. § 42.71(d).

GTNX identifies nothing in the statute or regulations that precludes the Board from reconsidering an initial institution decision or invoking the § 325(a)(1) bar on its own, let alone inviting the patentee to file a motion more than 14 days after institution. In particular, 37 C.F.R. § 42.71(d)(1) restricts only rehearing requests made as of right. It does not prohibit the PTO from allowing a party to file a later request for rehearing from an institution decision, as the Board did here. Moreover, as a general matter, "administrative agencies possess inherent author-ity to reconsider their decisions, subject to certain limita-tions, regardless of whether they possess explicit statutory authority to do so." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008). We see nothing in the statute or regulations applicable here that clearly deprives the Board of that default authority.

We likewise see no clear bar on the Board's treatment of the § 325(a)(1) proscription as a "jurisdiction[al]" limit, to be applied without invoking waiver based on the timing of the patentee's raising of the issue. *GTNX*, 2014 WL 7723800, at *2 (relying on *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374–75 (1986) (agency "may not confer power upon itself" because "to expand its power in the face of a congressional limitation on its jurisdiction would be to grant to the agency power to override Congress")). In any event, GTNX cannot find a clear, indisputable right to have the Board maintain the proceeding in the circumstances present here. We conclude that mandamus relief is unavailable.

GTNX asserts jurisdiction here on one basis besides 35 U.S.C. §§ 141(c), 329 and 28 U.S.C. § 1295(a)(4)(A). It invokes the Administrative Procedure Act, 5 U.S.C. §§ 702, 704. "The APA, however, is not a jurisdiction-conferring statute." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006); *see Califano v. Sanders*, 430 U.S. 99, 105–07 (1977). We therefore reject GTNX's invocation of the APA as a ground of jurisdiction. We need not consider other questions raised by GTNX's invocation of the APA, such as whether the APA grants a cause of action for a case brought only against a private party, not against any federal-government actor, and, even if so, whether review limitations within chapter 32 of Title 35 would remove the case from APA coverage by virtue of, *e.g.*, 5 U.S.C. §§ 701(a), 702.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal and deny mandamus relief.

**APPEAL DISMISSED, MANDAMUS DENIED**

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**GEA PROCESS ENGINEERING, INC.,**
*Appellant*

**v.**

**STEUBEN FOODS, INC.,**
*Appellee*

---

2015-1536, -1537, -1538, -1539, -1540

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2014-00041, IPR2014-00043, IPR2014-00051, IPR2014-00054, and IPR2014-00055.

-------------------------------------------------------------------------

**In re: GEA PROCESS ENGINEERING, INC.,**
*Petitioner*

---

2015-125

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2014-00041, IPR2014-00043, IPR2014-00051, IPR2014-00054, and IPR2014-00055.

———————————

## ON MOTION AND PETITION

———————————

Before NEWMAN, LINN, and O'MALLEY, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

## O R D E R

Months after the Patent Trial and Appeal Board ("Board") granted GEA Process Engineering, Inc.'s ("GEA Process") petitions for inter partes review of patents owned by Steuben Foods, Inc. ("Steuben Foods"), the Board reconsidered and vacated its institution decision and terminated proceedings. GEA Process seeks a writ of mandamus directing the Board to withdraw that order, and also appeals seeking the same relief, which Steuben Foods moves to dismiss for lack of jurisdiction.

GEA Process is the subsidiary of a global company that manufactures and sells aseptic bottle filling machines. GEA Process's affiliate, GEA Procomac S.p.A, manufactures machines sold by GEA Process to customers in the United States. In September 2012, Steuben Foods filed suit in the United States District Court for the Western District of New York, alleging that GEA Process and GEA Procomac infringed five of Steuben Foods' patents relating to aseptic packaging of food products.

In October 2013, GEA Process petitioned the Director of the Patent and Trademark Office for inter partes review ("IPR") of those patents, listing GEA Process as the sole real-party-in-interest. Trial was instituted in all five IPRs in March 2014. A few months after that decision, however, Steuben Foods sought, and was subsequently allowed, discovery relating to whether GEA Procomac's omission precluded institution of the proceedings. *See* 35 U.S.C. § 312(a)(2) ("A petition filed under

section 311 may be considered only if . . . the petition identifies all real parties in interest.")

On December 23, 2014, the Board entered a decision terminating all five IPR proceedings. Without addressing any issues of patentability, the Board vacated the March 2014 institution decision on the ground that they never should have been instituted. The Board noted that GEA Process's petitions did not identify all real-parties-in-interest and thus "the Petitions are incomplete pursuant to § 312(a), which dictates that we cannot consider the Petitions."

This court lacks jurisdiction over GEA Process's appeal. Read together, 35 U.S.C. §§ 319 and 141(c) authorize appeals only from a "final written decision of the [Board] under section 318(a)," which in turn refers only to "a final written decision *with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)*." § 318(a) (emphasis added). Here, the Board made no decision "with respect to the patentability" of any claim.

This court's authority to review IPR decisions under 28 U.S.C. § 1295(a)(4)(A) is limited to the Board's decision on the merits of the review, after it conducts the proceeding that the Director has instituted. *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1376 (Fed. Cir. 2014); *see also GTNX, Inc. v. INTTRA, Inc.*, No. 2015-1349 et al, 2015 WL 3692319, at 2 (Fed. Cir. June 16, 2015). Because the Board's decision did not make a determination with respect to patentability, it is outside §§ 141(c), 318(a), 319 and, in turn, outside § 1295(a)(4)(A).

That the Board initially instituted proceedings here is of no moment. Our recent decision in *GTNX* is instructive on this point. In that case, the petitioner sought covered business method patent review, which is generally subject to the post-grant review provisions of chapter 32. The

Board initially instituted proceedings but subsequently vacated the institution decision and terminated proceedings after it was determined that the petitioner had previously filed a declaratory judgment action that barred review under 35 U.S.C. § 325(a)(1).  *See id.*

The *GTNX* court held that in addition to the fact that there was no "final written decision," the Board's decision could fairly be characterized as a "determination . . . whether to institute" under 35 U.S.C. § 324(e) and thus "final and nonappealable."  *Id.* at 3.  The court noted that the Board simultaneously vacated its earlier ruling and determined it lacked jurisdiction, and explained that under the circumstances "it is strained to describe this as anything but" an institution determination because the statutory language was not limited to an initial determination to the exclusion of a determination on reconsideration.  *Id.*

Although this case involves inter partes review under chapter 31, rather than post-grant review under chapter 32, the analysis is the same.  Here, as in *GTNX*, the Board expressly stated that it was vacating the earlier decisions to institute proceedings and simultaneously determined that the petitions were incomplete and thus could not be considered.  Moreover, as in post-grant review, the determination to institute inter partes review is also "final and nonappealable."  35 U.S.C. § 314(d).

For these reasons, we must also deny GEA Process's petition for a writ of mandamus.  In *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed. Cir. 2014), we relied on this statutory scheme to conclude that the petitioner could not invoke mandamus to challenge a non-institution decision in this court.  We explained that a petitioner could not establish a "'clear and indisputable'" right to relief in this court, *id.* at 1381 (citation omitted), given the careful statutory limits on this court's jurisdiction to review non-institution decisions.

Relying on § 314(d), GEA Process argues that mandamus should issue because the Board did not have authority to vacate the prior institution decisions. In *GTNX*, we explained that "'administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so.'" *GTNX* at 3 (quoting *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). Like the petitioner in *GTNX*, GEA Process has not made any showing that would clearly deprive the Board of that default authority.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeals are dismissed.

(2) The mandamus petition is denied.

(3) All pending motions are denied as moot.

(4) Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26

ISSUED AS A MANDATE (for 2015-1536, -1537, -1538, -1539, -1540): June 23, 2015

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

───────────────────

**GEA PROCESS ENGINEERING, INC.,**
*Appellant*

**v.**

**STEUBEN FOODS, INC.,**
*Appellee*

───────────────────

2015-1536, -1537, -1538, -1539, -1540

───────────────────

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2014-00041, IPR2014-00043, IPR2014-00051, IPR2014-00054, and IPR2014-00055.

--------------------------------------------------------------------------------

**In re: GEA PROCESS ENGINEERING, INC.,**
*Petitioner*

───────────────────

2015-125

───────────────────

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2014-00041, IPR2014-00043, IPR2014-00051, IPR2014-00054, and IPR2014-00055.

———————————————

## ON MOTION AND PETITION

———————————————

Before NEWMAN, LINN, and O'MALLEY, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

### O R D E R

Months after the Patent Trial and Appeal Board ("Board") granted GEA Process Engineering, Inc.'s ("GEA Process") petitions for inter partes review of patents owned by Steuben Foods, Inc. ("Steuben Foods"), the Board reconsidered and vacated its institution decision and terminated proceedings. GEA Process seeks a writ of mandamus directing the Board to withdraw that order, and also appeals seeking the same relief, which Steuben Foods moves to dismiss for lack of jurisdiction.

GEA Process is the subsidiary of a global company that manufactures and sells aseptic bottle filling machines. GEA Process's affiliate, GEA Procomac S.p.A, manufactures machines sold by GEA Process to customers in the United States. In September 2012, Steuben Foods filed suit in the United States District Court for the Western District of New York, alleging that GEA Process and GEA Procomac infringed five of Steuben Foods' patents relating to aseptic packaging of food products.

In October 2013, GEA Process petitioned the Director of the Patent and Trademark Office for inter partes review ("IPR") of those patents, listing GEA Process as the sole real-party-in-interest. Trial was instituted in all five IPRs in March 2014. A few months after that decision, however, Steuben Foods sought, and was subsequently allowed, discovery relating to whether GEA Procomac's omission precluded institution of the proceedings. *See* 35 U.S.C. § 312(a)(2) ("A petition filed under

section 311 may be considered only if . . . the petition identifies all real parties in interest.")

On December 23, 2014, the Board entered a decision terminating all five IPR proceedings. Without addressing any issues of patentability, the Board vacated the March 2014 institution decision on the ground that they never should have been instituted. The Board noted that GEA Process's petitions did not identify all real-parties-in-interest and thus "the Petitions are incomplete pursuant to § 312(a), which dictates that we cannot consider the Petitions."

This court lacks jurisdiction over GEA Process's appeal. Read together, 35 U.S.C. §§ 319 and 141(c) authorize appeals only from a "final written decision of the [Board] under section 318(a)," which in turn refers only to "a final written decision *with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d).*" § 318(a) (emphasis added). Here, the Board made no decision "with respect to the patentability" of any claim.

This court's authority to review IPR decisions under 28 U.S.C. § 1295(a)(4)(A) is limited to the Board's decision on the merits of the review, after it conducts the proceeding that the Director has instituted. *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.,* 749 F.3d 1373, 1376 (Fed. Cir. 2014); *see also GTNX, Inc. v. INTTRA, Inc.,* No. 2015-1349 et al, 2015 WL 3692319, at 2 (Fed. Cir. June 16, 2015). Because the Board's decision did not make a determination with respect to patentability, it is outside §§ 141(c), 318(a), 319 and, in turn, outside § 1295(a)(4)(A).

That the Board initially instituted proceedings here is of no moment. Our recent decision in *GTNX* is instructive on this point. In that case, the petitioner sought covered business method patent review, which is generally subject to the post-grant review provisions of chapter 32. The

Board initially instituted proceedings but subsequently vacated the institution decision and terminated proceedings after it was determined that the petitioner had previously filed a declaratory judgment action that barred review under 35 U.S.C. § 325(a)(1).  *See id.*

The *GTNX* court held that in addition to the fact that there was no "final written decision," the Board's decision could fairly be characterized as a "determination . . . whether to institute" under 35 U.S.C. § 324(e) and thus "final and nonappealable." *Id.* at 3.  The court noted that the Board simultaneously vacated its earlier ruling and determined it lacked jurisdiction, and explained that under the circumstances "it is strained to describe this as anything but" an institution determination because the statutory language was not limited to an initial determination to the exclusion of a determination on reconsideration. *Id.*

Although this case involves inter partes review under chapter 31, rather than post-grant review under chapter 32, the analysis is the same.  Here, as in *GTNX*, the Board expressly stated that it was vacating the earlier decisions to institute proceedings and simultaneously determined that the petitions were incomplete and thus could not be considered.  Moreover, as in post-grant review, the determination to institute inter partes review is also "final and nonappealable." 35 U.S.C. § 314(d).

For these reasons, we must also deny GEA Process's petition for a writ of mandamus.  In *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed. Cir. 2014), we relied on this statutory scheme to conclude that the petitioner could not invoke mandamus to challenge a non-institution decision in this court.  We explained that a petitioner could not establish a "'clear and indisputable'" right to relief in this court, *id.* at 1381 (citation omitted), given the careful statutory limits on this court's jurisdiction to review non-institution decisions.

Relying on § 314(d), GEA Process argues that mandamus should issue because the Board did not have authority to vacate the prior institution decisions. In *GTNX*, we explained that "'administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so.'" *GTNX* at 3 (quoting *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). Like the petitioner in *GTNX*, GEA Process has not made any showing that would clearly deprive the Board of that default authority.

Accordingly,

It Is Ordered That:

(1) The motion is granted. The appeals are dismissed.

(2) The mandamus petition is denied.

(3) All pending motions are denied as moot.

(4) Each side shall bear its own costs.

For the Court

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26

ISSUED AS A MANDATE (for 2015-1536, -1537, -1538, -1539, -1540): June 23, 2015

# United States Court of Appeals
# for the Federal Circuit

————————————

**GTNX, INC.,**
*Appellant*

**v.**

**INTTRA, INC.,**
*Appellee*

————————————

2015-1349, 2015-1350, 2015-1352, 2015-1353

————————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. CBM2014-00072, CBM2014-00073, CBM2014-00074, CBM2014-00075.

————————————

Decided: June 16, 2015

————————————

BORIS FELDMAN, Wilson, Sonsini, Goodrich & Rosati, PC, Palo Alto, CA, for appellant. Also represented by STEFANI E. SHANBERG, ROBIN L. BREWER, San Francisco, CA; MICHAEL T. ROSATO, Seattle, WA; RICHARD TORCZON, Washington, DC; GIDEON A. SCHOR, New York, NY.

MICHAEL JOHN LYONS, Morgan, Lewis & Bockius LLP, Palo Alto, CA, for appellee. Also represented by WALTER SCOTT TESTER, AHREN CHRISTIAN HSU-HOFFMAN, DAVID VINCENT SANKER; THOMAS M. PETERSON, San Francisco, CA.

————————————

**ON MOTION**

————————————

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge.*

At the request of GTNX, Inc., the Patent Trial and Appeal Board instituted "covered business method patent" review proceedings for four patents owned by INTTRA, Inc. A few months later, the Board reconsidered its institution decisions, determined that institution of proceedings in these matters violated a statutory proscription, vacated the institution decisions, and terminated the proceedings. *GTNX, Inc. v. INTTRA, Inc.,* CBM2014-00073 et al., 2014 WL 7723800 (PTAB Dec. 10, 2014). GTNX appeals, and INTTRA moves to dismiss the appeal. We grant the motion. In addition, treating the appeal in the alternative as a mandamus petition, we deny mandamus relief.

BACKGROUND

A

In the Leahy-Smith America Invents Act, Pub. L. No. 112–29, § 18, 125 Stat. 284, 329-31 (2011), Congress required the Patent and Trademark Office to establish a "transitional post-grant review proceeding for review of the validity of covered business method patents." § 18(a)(1). Section 18(a)(1) states a general rule, subject to exceptions not material here, that the PTO must "employ," for such review, the "standards and procedures of[ ] a post-grant review under chapter 32 of title 35," *i.e.,* 35 U.S.C. §§ 321–329.

Section 324 authorizes the Director of the PTO to institute post-grant review, but by regulation, the Director has delegated to the Board the responsibility to make the

institution determination.  37 C.F.R. §§ 42.4, 42.208.  Of relevance to this case, 35 U.S.C. § 325(a)(1) declares that "review may not be instituted . . . if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."  And § 324(e) declares that "[t]he determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable."

Once review has been instituted, the Board conducts the post-grant review.  § 326(c).  "If a post-grant review is instituted and not dismissed under this chapter," the Board "shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 326(d)."  § 328(a).  Section 329 authorizes a party dissatisfied with the Board's final written decision with respect to patentability to appeal to this court under 35 U.S.C. § 141(c), and 28 U.S.C. § 1295(a)(4)(A) grants this court jurisdiction over such an appeal.

B

INTTRA owns four patents relating to online methods for coordinating containerized shipping.  In 2011, GT Nexus, Inc., GTNX's parent company, filed suit in the United States District Court for the Northern District of California, seeking a declaratory judgment that INTTRA's shipping methods patents were invalid.  Several years later, in early 2014, while the court case was pending, GTNX petitioned the PTO to review the patents as covered-business-method patents.  *See GTNX*, 2014 WL 7723800, at *1–2.

On August 12, 2014, the Board instituted review proceedings (four separate proceedings which the Board then treated together).  *Id.* at *1.  In October 2014, however, the Board granted INTTRA leave to file a motion to dismiss the proceedings on the ground that § 325(a)(1)

barred the reviews because of GTNX's previously filed civil action. *Id.* After INTTRA filed the authorized motion, GTNX opposed, arguing that INTTRA had waived the § 325(a)(1) objection by not presenting it earlier, either before institution or within the 14 days allowed by the rule giving a right to seek reconsideration, 37 C.F.R. § 42.71(d). *Id.* at *2.

On December 10, 2014, the Board granted INTTRA's motion. It "vacated" the August 2014 institution decisions and "terminated" the proceedings, *id.* at *1, *3, without addressing any issues of patentability. The Board noted that there was no dispute that GTNX's declaratory-judgment action fell within the terms of § 325(a)(1). *Id.* at *2. And it concluded that § 325(a)(1) is a statutory limit on Board "jurisdiction" that it could not and would not decline to enforce just because INTTRA had not invoked it earlier. *Id.*

Characterizing the ruling as a final written decision under § 328, GTNX appeals under § 329, which provides for appeals under § 141. INTTRA moves to dismiss.

## DISCUSSION

We agree with INTTRA that GTNX's appeal falls outside 35 U.S.C. §§ 141 and 329 and hence outside this court's jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

By its terms, § 329 authorizes appeal, under § 141(c), only from a "final written decision of the [Board] under section 328(a)." Similarly, § 141(c), as relevant here, authorizes appeal only from a "final written decision of the [Board] under section . . . 328(a)." In turn, § 328(a) refers only to "a final written decision *with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 326(d)*." § 328(a) (emphasis added). Here, the Board made no decision "with respect to the patentability" of any claim. The

Board decision at issue, therefore, is outside § 328(a) and, hence, outside §§ 141(c) and 329.

In *St. Jude Medical, Cardiology Division, Inc. v. Volcano Corp.*, we dismissed an appeal from a non-institution decision under chapter 31 of Title 35, which establishes a regime for "inter partes review" of issued patents that is materially the same as chapter 32 in the particular jurisdictional respects relevant here. 749 F.3d 1373 (Fed. Cir. 2014). We explained the structural contrast between a "determination . . . whether to institute" a proceeding, which is "final and nonappealable," 35 U.S.C. § 314(d), and the "final written decision" determining patentability, § 318(a), and we held that the appeal authorization there—§ 319, incorporating § 141(c)—was limited to the final written decision on patentability. *Id.* at 1375–76. We thus relied on chapter 31's textually clear and common-sense distinction between a final Board decision that reaches the patentability merits and an earlier decision whether to institute. We concluded that 28 U.S.C. § 1295(a)(4)(A)'s grant of jurisdiction to this court to review decisions of the Board "under title 35" is limited "to the Board's decision . . . on the merits of the . . . review, after it 'conducts' the proceeding that the Director has 'instituted.'" *Id.* at 1376.

The same conclusion applies to this case under chapter 32. The Board decision GTNX is seeking to appeal was not reached after conduct of the review and did not make a determination with respect to patentability. The decision is therefore outside 35 U.S.C. §§ 141(c), 328(a), 329 and, in turn, outside 28 U.S.C. § 1295(a)(4)(A).

Confirming that the decision at issue is not a § 328(a) decision—the only appealable decision within the statutory regime—is that the fair characterization of the decision within the regime is as a decision whether to institute proceedings. The Board expressly stated that it was vacating the earlier decision to institute proceedings.

Having reconsidered whether to institute the proceeding here and determined not to do so based on § 325(a)(1), the Board simultaneously "vacated" the institution decisions and required termination of the proceedings. *GTNX*, 2014 WL 7723800, at *1, *3. It is strained to describe this as anything but a "determination . . . whether to institute" proceedings—statutory language that is not limited to an *initial* determination to the exclusion of a determination on reconsideration. § 324(e); *see also* § 324(c). The statute declares such a decision to be "final and nonappealable," § 324(e), thus reinforcing the absence of appeal jurisdiction in this court.

In its notice of appeal, GTNX invoked the All Writs Act, 28 U.S.C. § 1651. Although in opposing the motion to dismiss, GTNX does not invoke that provision, we may treat the appeal as, in the alternative, a request for mandamus relief under § 1651. *See, e.g.*, *In re Cuozzo Speed Techs., Inc.*, 778 F.3d 1271, 1278 & n.5 (Fed. Cir. 2015). Doing so, we do not find mandamus relief to be available.

In *In re Dominion Dealer Solutions, Inc.*, 749 F.3d 1379, 1381 (Fed. Cir. 2014), which involved a requested inter partes review, we relied on the statutory scheme to conclude that the petitioner there could not invoke mandamus to challenge a non-institution decision in this court. We relied on the absence of a "'clear and indisputable'" right to relief in this court, *id.* at 1381 (citation omitted), a conclusion reflecting the careful statutory limits on this court's jurisdiction to review non-institution decisions.

Moreover, in *Cuozzo*, where inter partes review had been instituted, and the institution was challenged after a final written decision, we found the particular asserted limit on institution to fall short of constituting a clear and indisputable bar on the Board's action. 778 F.3d at 1278. Here, too, it cannot be said that GTNX has a clear and

indisputable right to have the proceeding continue, in the face of the otherwise-applicable proscription of § 325(a)(1), just because INTTRA did not raise this ground before the initial institution decision was made or in a rehearing request within 14 days under 37 C.F.R. § 42.71(d).

GTNX identifies nothing in the statute or regulations that precludes the Board from reconsidering an initial institution decision or invoking the § 325(a)(1) bar on its own, let alone inviting the patentee to file a motion more than 14 days after institution. In particular, 37 C.F.R. § 42.71(d)(1) restricts only rehearing requests made as of right. It does not prohibit the PTO from allowing a party to file a later request for rehearing from an institution decision, as the Board did here. Moreover, as a general matter, "administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008). We see nothing in the statute or regulations applicable here that clearly deprives the Board of that default authority.

We likewise see no clear bar on the Board's treatment of the § 325(a)(1) proscription as a "jurisdiction[al]" limit, to be applied without invoking waiver based on the timing of the patentee's raising of the issue. *GTNX*, 2014 WL 7723800, at *2 (relying on *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374–75 (1986) (agency "may not confer power upon itself" because "to expand its power in the face of a congressional limitation on its jurisdiction would be to grant to the agency power to override Congress")). In any event, GTNX cannot find a clear, indisputable right to have the Board maintain the proceeding in the circumstances present here. We conclude that mandamus relief is unavailable.

8  GTNX, INC. v. INTTRA, INC.

GTNX asserts jurisdiction here on one basis besides 35 U.S.C. §§ 141(c), 329 and 28 U.S.C. § 1295(a)(4)(A). It invokes the Administrative Procedure Act, 5 U.S.C. §§ 702, 704. "The APA, however, is not a jurisdiction-conferring statute." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006); *see Califano v. Sanders*, 430 U.S. 99, 105–07 (1977). We therefore reject GTNX's invocation of the APA as a ground of jurisdiction. We need not consider other questions raised by GTNX's invocation of the APA, such as whether the APA grants a cause of action for a case brought only against a private party, not against any federal-government actor, and, even if so, whether review limitations within chapter 32 of Title 35 would remove the case from APA coverage by virtue of, *e.g.*, 5 U.S.C. §§ 701(a), 702.

## Conclusion

For the foregoing reasons, we dismiss the appeal and deny mandamus relief.

**APPEAL DISMISSED, MANDAMUS DENIED**